UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No.: 14-110-(1) |
| v. | : |
| CHRISTOPHER STEELE | : |

**DEFENDANT'S MOTION TO SUPPRESS STATEMENTS OBTAINED
IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS**

Defendant moves this Court to conduct an evidentiary hearing at which Defendant will demonstrate that the Pennsylvania's agents violated the Federal and Pennsylvania Constitutions in the course of their investigation and interrogation.

1. Defendant was arrested at his residence in the State of Delaware on December 12, 2013 and charged with statutory sexual assault and related charges under Pennsylvania Law.

2. The arrest of the Defendant on December 12, 2013 was illegal, without probable cause, and without any lawful warrant of arrest.

3. In March 2014, the Defendant was subsequently indicted by the US Attorney's Office for the Eastern District of Pennsylvania.

4. At the time of his arrest, the Defendant was not properly advised of his constitutional rights and did not waive his right to counsel or his right against self-incrimination. Any statements obtained from him were not knowingly, intelligently, or voluntarily given and were obtained in violation of his rights under federal law and state law.

5. The Defendant and his parents were repeatedly intimidated after the defendant invoked his right to counsel. Once taken into custody, the defendant invoked his right to counsel and ask if he could give a check to his mother to pay for counsel. The lead investigator allowed the defendant to make out a check to pay for counsel and transferred to the defendant's mother.

6. While handing the payment to counsel over to the defendant's mother, the lead investigator then advised the defendant's mother that if she called an attorney, she "would be sued civilly".

7. Following his arrest, the defendant was taken to the New Castle County Police Department in the State of Delaware.

8. At the New Castle County Police Department, the defendant was further coerced during the interrogation and any statements obtained from him were not voluntarily given and were not the product of his free will.

9. Introduction at trial of any statements would be in violation of defendant's rights to counsel, to be free from unreasonable seizures, against self-incrimination, and due process of law under the United States Constitution and the Pennsylvania Constitution.

## MEMORANDUM IN SUPPORT

It is a well-established principle that alleged waivers of fundamental constitutional rights such as the right to counsel and the privilege against self-incrimination will be upheld only after careful inquiry into factual basis for the alleged waiver. Johnson v. Zerbst, 304 U.S. 458, 464 (1938), overruled in part on other grounds by Edwards v. Arizona, 451 U.S. 477 (1981). "Waivers of such constitutional rights

must not only be voluntary, but also must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970). The State bears the heavy burden of demonstrating that the accused had sufficient awareness of the consequences of the waiver, and that these vital constitutional rights were then knowingly and intelligently waived. Miranda v. Arizona, 384 U.S. 436 (1966).

The question of whether the accused waived a Constitutional right "is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the Miranda case." North Carolina v. Butler, 441 U.S. 369, 373 (1979). Moreover, it is clear that courts must "indulge in every reasonable presumption against waiver." Brewer v. Williams, 430 U.S. 387, 404 (1977).

A waiver of Miranda rights must be clearly and explicitly made. Com. v. Bussey, 486 Pa. 221, 404 A.2d 1309, 1314 (Pa. 1979). The question of waiver must be determined by looking to "the particular facts and circumstances surrounding the case." Zerbst, 304 U.S. at 464. In determining the voluntariness of a waiver of Miranda rights, we must look to the totality of the circumstances surrounding the waiver. See Com. v. Dejesus, 567 Pa. 415, 787 A.2d 394, 403 ("Some of the factors to be considered include: the duration and means of interrogation; the defendant's physical and psychological state; the conditions attendant to the detention; the attitude exhibited by the police during the interrogation; and any other factors which may serve to drain one's powers of resistance to suggestion and coercion."). In this case, the defendant was an HIV positive male who upon reading the complaint feared an "on and off again" romantic partner had implicated

him in a crime.  Further, the defendant was fearful that his failure to make a statement would result in an expensive lawsuit against his parents.

Courts must presume that a defendant did not waive his rights. United States v. Jackson, 918 F.2d 236, 241 (1st Cir. 1990). Thus, "a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." Miranda, 384 U.S. at 475.

The burden is on the prosecution to show that, considering the totality of the circumstances, the confession was voluntarily given. Medina v. California, 505 US 437, 463 (1992).  The relinquishment of the rights established in Miranda "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Moran v. Burbine, 475 U.S. 412, 421 (1986).  Also, "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 421.  If a confession has been made involuntarily, any subsequent conviction cannot stand. Stroble v. California, 343 U.S. 181, 190 (1952).

The due process voluntariness test takes into account the totality of all surrounding circumstances and involves "a weighing of the circumstances of pressure against the power of resistance of the person confessing." Dickerson v. United States, 530 U.S. 428, 120 S.Ct. 2326, 2331 (2000), quoting Stein v. New York, 346 U.S. 156, 185, 73 S.Ct. 1077 (1953). "Custodial police interrogation, by its very nature, isolates and pressures the individual . . . [It] trades on the weakness of individuals." Id., citing Miranda, at 445, 86 S.Ct. 1602.  Beyond the pressures inherent in custodial police interrogation, a court's consideration of the totality of the circumstances includes

consideration of "'the tactics used by the police, the details of the interrogation, and any characteristics of the accused that might cause his will easily to be overborne.'" United States v. Palmer, 203 F.3d 55, 60 (1st Cir. 2000) quoting United States v. Rohrbach, 813 F.2d 142,144 (8th Cir. 1987). Where an individual's "will was overborne" or where his confession was not "the product of a rational intellect and a free will" his confession is inadmissible because coerced. "These standards are applicable whether a confession is the product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug induced statement." Townsend v. Sain, 372 U.S. 293, 307, 83 S.Ct. 745, 754 (1963). See also Blackburn v. Alabama, 361 U.S. 199, 207, 80 S.Ct. 274, 280 (1960)(where confession came after eight or nine hour interrogation of suspect who was probably incompetent at the time, basic sense of justice affronted because of strong conviction that "our system of law enforcement should not operate so as to take advantage of a person in this fashion"). Here, the defendant immediately invoked his right to counsel. The lead investigator made threats to the defendant's mother that if he hired a lawyer, the defendant's parents would be "sued civilly". Furthermore, once the defendant read the affidavit of probable, he was fearful that his "on and off again" romantic partner may have implicated him in a crime.

An involuntary confession is inadmissible at trial. Withrow v. Williams, 507 U.S. 680, 703 (1993). The admission into evidence of an involuntary confession deprives the defendant of the Fourteenth Amendment right to due process of law. Jackson v. Denno, 378 U.S. 368, 376 (1964).

Therefore, Defendant respectfully requests that this Court conduct an evidentiary hearing in order for Defendant to demonstrate that his statements were obtained in

violation of his Constitutional rights guaranteed by the Federal and Pennsylvania Constitution and hence should be suppressed.

Respectfully submitted,

_____
Kevin Mark Wray, Esquire
200 West Front Street
Media, PA 19063
(610) 810-2999
Attorney for Defendant

## **VERIFICATION**

I, Kevin Mark Wray, attorney for the defendant in this matter, hereby verify that the statements made in the foregoing Motion/Petition are true and correct to the best of my knowledge, information or belief. The undersigned understands that false statements herein are made subject to the penalties of 18 USC §2706, relating to penalty of perjury.

_____
Kevin Mark Wray, Esquire

Date: 7/31

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No.: 14-110-(1) |
| v. | : |
| CHRISTOPHER STEELE | : |

# CERTIFICATION OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document upon the person in the manner indicated below, which service satisfies the requirement of the Federal Rules of Criminal Procedure.

Service by hand delivery or first-class U.S. mail addressed to:

US Attorney's Office
Eastern District of Pennsylvania
615 Chestnut St
Philadelphia, PA 19106

Michael Kunz, Clerk of Courts
US District Court for Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

_7/31_
Date

KEVIN MARK WRAY, ESQ.
Attorney for Defendant