IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-110 |
| CHRISTOPHER STEELE | : | |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of the Defendant's Motion to Suppress Statements and the government's response thereto, it is hereby ORDERED that the Defendant's Motion to Suppress Statements is DENIED.

It is so ORDERED.

BY THE COURT:

_____
**HONORABLE JUAN R. SANCHEZ**
*Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-110 |
| CHRISTOPHER STEELE | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

## I. INTRODUCTION

The United States of America, by its undersigned attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle Rotella, Assistant United States Attorney for the district, submits this response in opposition to defendant's Motion to Suppress Statements Obtained in Violation of Defendant's Constitutional Rights.

## II. PROCEDURAL BACKGROUND

Defendant Christopher Steele stands before this court charged in an indictment with use of an interstate commerce facility to entice a minor to engage in sexual conduct in Count One, in violation of 18 U.S.C. § 2422(b); interstate travel with the intent to engage in illicit sexual conduct with a minor in Count Two, in violation of 18 U.S.C. § 2423(b); and in Count Three with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count One carries a statutory maximum of life imprisonment and a mandatory minimum of 10 years' incarceration, and Count Three carries a statutory maximum of 20 years and mandatory minimum of 5 years' incarceration.

### III.     FACTS

In October 2013, the parents of 14-year old victim DH contacted police after they discovered online communications between their son and several adult males, including this defendant, Christopher Steele.   The victim was subsequently interviewed and advised that he met the defendant online and engaged in sexually explicit chats from the beginning of his communication with the defendant, and that the defendant knew that he was just 14 years old at the time that they began corresponding.   Steele used the name "Mike Dozor" online, and told the victim that he worked as a porn star and lived in Delaware.   Steele also told him that he didn't mind that the victim was just 14 years old because he liked his "guys young," and he still wanted to have sex with him even though DH was only 14.   The defendant then sent the victim nude photos of himself.   After chatting on Jack'd several times during the summer of 2013, Steele traveled from Delaware to the victim's home in Pennsylvania, where he and the victim engaged in oral sex.

Based on their investigation Montgomery County Police filed criminal charges against Christopher Steele on December 12, 2013.   Exhibit A.   A warrant for his arrest was also lodged into the National Crime Information Center ("NCIC").   Because defendant Steele lived with his parents in the state of Delaware, members of the New Castle County Police Department had been involved in the investigation since early December 2013.   On December 13, 2013, the day after the arrest warrant was issued in Montgomery County, police obtained a search warrant for his residence at 728 Kilgor Court in Newark, Delaware.   Exhibit B.   Members of the Newark Police Department, the Montgomery County District Attorney's Office, and various other law enforcement agencies executed the search warrant shortly afterward that same day.

As they approached the house defendant Steele came outside and was immediately taken into custody by New Castle County Police.   The other members of the team entered the house to

execute the search warrant. Steele's parents were present and were directed to sit at the table during the execution of the search warrant. At no time was Steele permitted entry to the home or to speak with his parents. Steele was transported back to New Castle County Police Headquarters at the conclusion of the execution of the warrant.

Although the Montgomery County detective who entered the arrest warrant information into NCIC was present at the scene that day, Corporal Hildick of the New Castle County Police nonetheless confirmed the existence of the warrant in NCIC and requested confirmation from Montgomery County that they would extradite. Exhibt C. Confirmation was received that same morning. Exhibit D. A fugitive warrant was then sworn out in the State of Delaware for the arrest of defendant Christopher Steele. Exhibit E.

Detective Morris of the Limerick Township Police Department and Detective Anders of the Montgomery County District Attorney's Office then interviewed defendant Steele at the New Castle County Police Headquarters. Their interview was recorded on video. Before questioning defendant Steele was advised of his Miranda rights and provided with a written form upon which his Miranda rights were listed. Steele read over the form, agreed to waive his rights and to speak with police. He evidenced his waiver by signing the Miranda rights form, which was also witnessed by both police officers. Exhibit F. The advisement of his Miranda rights and subsequent waiver was captured on the videotape as well. Exhibit G. Steele subsequently confessed to corresponding with the 14year old victim on the Jack'd phone application, and traveling to Limerick Township, Pennsylvania to have sex with him at the victim's home during the summer of 2013. Steele admitted to having the victim sniff "poppers" before sex to get a momentary high so he would enjoy the sex more. Near the end of his statement Steele then requested to stop questioning as he wished to speak to an attorney. His request was honored and

all questioning was terminated. His invocation of his right to counsel was also captured on videotape.

## IV.     LEGAL ARGUMENT

Defendant moves to suppress his statement to law enforcement on three grounds: (1) he invoked his right to counsel at some unidentified point in time after being taken into custody, to some unnamed officer; (2) he was an HIV positive male who feared his former romantic partner had already implicated him in a crime; and (3) he feared that his failure to give a statement would result in an expensive lawsuit against his parents. Def.Br. at 3-4. Other than the first claim the defendant doesn't even allege a legal basis upon which to suppress his statement. Moreover, a hearing on this matter will demonstrate that none of his arguments have any merit whatsoever. His Motion should be denied.

It is uncontroverted that only voluntary confessions may be admitted into evidence at a criminal trial. It is the government that bears the burden of proving by a preponderance of the evidence that the statements were given voluntarily. Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973); United States v. Swint, 15 F.3d 286, 288-89 (3d Cir. 1994). A statement will be found to have been given voluntarily if, when viewed in the totality of the circumstances, it is the product of an essentially free and unconstrained choice by its maker, and is the "product of rational intellect and free will." Schneckloth v. Bustamonte, 412 U.S. at 225; United States v. Swint, 15 F.3d at 289. Unless there is "police conduct causally related to the confession," the confession will be considered voluntary. United States v. Swint, 15 F.3d at 289, citing Colorado v. Connelly, 479 U.S. 157 (1986) (coercive police activity a necessary predicate to a finding of involuntariness.) The test for voluntariness is whether the questioning was so manipulative or coercive that the defendant was deprived of his ability to resist speaking with the police. Miller v.

Fenton, 796 F.2d 598, 605 (3d Cir. 1986).  In addition to police coercion - or lack thereof - other circumstances to consider include the length of the interrogation, its location, its continuity, and the defendant's maturity, education, physical condition, and mental health.  United States v. Swint, 15 F.3d at 289; Withrow v. Williams, 507 U.S. 680, 693 (1993).

In the immediate case, there is no question that Steele was in custody.  He was lawfully taken into custody in Delaware on the Montgomery County warrant.  The affiant of the Montgomery County complaint was part of the search/arrest team that morning and verified the existence of the arrest warrant, but Delaware officers also confirmed the existence of a felony arrest warrant through NCIC, and confirmed in writing that the issuing jurisdiction authorized extradition on that warrant.

At no point in time that morning did Steele request to speak to an attorney.  Indeed, he was not questioned until the Pennsylvania detectives spoke to him at the police station in Newark.  Before any questioning ever began at the police station, Steele was informed of his Miranda Rights.  All questioning was captured on videotape, which clearly shows Steele was advised of his rights and waived those rights, and also did so in writing.  Equally significant, the videotape also demonstrates that Steele never requested an attorney until after he already confessed, and his request was immediately honored.

There is simply no evidence that Steele's confession was coerced.  The interview was not lengthy, was not interrupted for any reason, and Steele did not request police questioning to stop.  Steele spoke English, was able to read and write, and communicated with police without any problem, providing specific details about his sexual exploitation of the 14 year old victim.  Regardless of whether Steele felt some sort of outside pressure to confess based on his belief that his former lover had implicated him, or that his parents may be sued if he didn't cooperate, those

fears don't provide any legal basis upon which this Court could suppress his incriminating statement.  "[P]sychological pressures emanating from sources other than official coercion" are not sufficient.  Oregon v. Elstad, 470 U.S. 298, 305 (1985); See also Berghuis v. Thompkins, 560 U.S. 370, 386 (2010) (no evidence of coercion, despite police referring to defendant's religious beliefs during questioning); United States v. Andrews, 231 Fed.Appx. 174 (3d Cir. 2007) (upholding confession of defendant in custody who had waived his Miranda rights and signed Miranda form, despite fact had ingested narcotics some 13 hours prior to confession); United States v. Judge, 447 Fed.Appx. 409, 416 (3d Cir. 2011) (upholding two statements by incarcerated defendant after Miranda warnings and form signed, and after 7 hours of questioning).  Steele's statement to police was entirely voluntary, and clearly made with an understanding of his rights and a knowing, intelligent and voluntary waiver of those rights.  Defendant's motion to suppress should be denied.

## V. CONCLUSION

WHEREFORE, the government requests that the defendant's Motion to Suppress Statements be denied.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_____
MICHELLE ROTELLA
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's response to Defendant's Motion to Suppress Statements has been served via electronic filing and email upon:

Kevin Wray, Esquire
kevinmwrayesq@gmail.com

_____
MICHELLE ROTELLA
Assistant United States Attorney

Date:   August 22, 2014.