## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-110** |
| **CHRISTOPHER STEELE** | : | |

### ORDER

  **AND NOW**, this _____ day of _____2014, after reviewing

the submissions by the government and defense counsel, and after a hearing on this matter;

  It is hereby **ORDERED** that the government's Motion is **GRANTED**, and

the government shall be permitted to admit evidence in its case-in-chief that defendant,

Christopher Steele, committed other acts involving child sexual exploitation, namely, the

sexual exploitation of Minor #2., and his possession and receipt of child pornography, that

are admissible to show the defendant's motive, intent, and/or plan, pursuant to Federal

Rule of Evidence 404(b).

      **BY THE COURT:**

      _____

      **THE HONORABLE JUAN R. SANCHEZ**
      United States District Court Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 14-110** |
| **CHRISTOPHER STEELE** | : | |

## GOVERNMENT'S MOTION TO ADMIT EVIDENCE OF OTHER CRIMES PURSUANT TO FED. R. EVID. 404(b)

The United States of America, through its attorneys, Zane David Memeger, United States Attorney, and Michelle Rotella, Assistant United States Attorney, files this Motion to Admit Evidence of Other Crimes under Federal Rule of Evidence 404(b).

WHEREFORE, for the reasons set forth in the accompanying memorandum of law in support of the government's motion, the United States of America respectfully requests that its motion be granted.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


/s/ Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney

Dated:    September 2, 2014

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 14-110 |
| CHRISTOPHER STEELE | : | |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ADMIT EVIDENCE OF OTHER CRIMES PURSUANT TO FED. R. EVID. 404(b)

The United States of America, through its attorneys, Zane David Memeger, United States Attorney, and Michelle Rotella, Assistant United States Attorney, respectfully submits this memorandum of law in support of its motion to admit evidence of other crimes under Federal Rule of Evidence 404(b).

## I.   INDICTMENT

Defendant Christopher Steele stands before this court charged in an indictment with use of an interstate commerce facility to entice a minor to engage in sexual conduct in Count One, in violation of 18 U.S.C. § 2422(b); interstate travel with the intent to engage in illicit sexual conduct with a minor in Count Two, in violation of 18 U.S.C. § 2423(b); and in Count Three with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).

## II.   FACTS

In October 2013, the parents of the 14-year old victim contacted police after they discovered online communications between their son and several adult males, including this defendant, Christopher Steele.   The victim was subsequently interviewed and advised that he met the defendant online and that they engaged in sexually explicit chats from the beginning of their communications.   The defendant knew that the victim was just 14 years old at the

time that they began corresponding.   Steele used the name "Mike Dozor" online, and told the victim that he worked as a porn star and lived in Delaware[1].   Steele also told him that he didn't mind that the victim was just 14 years old because he liked his "guys young," and he still wanted to have sex with him.   He then sent the 14 year old victim nude photos of himself.   After chatting on Jack'd several times during the summer of 2013, Steele traveled from Delaware to the victim's home in Pennsylvania, where he and the victim engaged in oral and anal sex.

A search warrant was obtained for defendant Steele's residence at 728 Kilgor Court, Newark, Delaware, where he lived with his parents.   Montgomery County Detectives also obtained an arrest warrant for Steele, and both were executed on December 13, 2013.   Steele was arrested outside his home and transported to police headquarters in Delaware, where he was advised of his Miranda Rights and waived those rights, evidencing his waiver by signing a written police form.   During his videotaped interview Steele admitted to corresponding with the 14year old victim on the Jack'd phone application, and traveling to Limerick Township, Pennsylvania to have sex with him at the victim's home during the summer of 2013.

Seized as a result of the search warrant from the defendant's bedroom were two computers, a flash drive, two cell phones, and a bottle containing the "poppers" substance given by Steele to the victim just prior to sex.   The forensic examination of the equipment revealed 14 videos depicting children engaged in sexual activity with adult males and other

---

[1]      Christopher Steele confirmed for investigators that he worked as an adult porn film actor.   Police also found paychecks and business cards in the defendant's bedroom that confirmed his employment.   His chosen profession is relevant to this case, as the Government expects Steele will use it as part of his defense that he did not knowingly, purposely, or intend to correspond over the Internet with a minor, or to have sex with a minor, or to receive pornographic images of a minor..

children.    Examiners also found numerous Internet search terms on his computer that were related to child sexual abuse, including Man Fucks Child, Little Boys in Tub, Little Boys Suck Daddy, Little Boys at Camp, Asian Boys Stretched, Dad Fucking Sons, and many others.    Found on the defendant's current cell phone was a nude photo of the 14 year old victim that depicted him in a sexually explicit position.    Lastly, the forensic exam also uncovered a second minor victim who was 15 years old and in 10th grade at the time that he was corresponding with this defendant.    That boy was subsequently interviewed by investigators and confirmed that at the defendant's request he exchanged approximately 10 nude and sexually explicit photographs with the defendant in the spring of 2013.

By way of this Motion, the government seeks to admit evidence of the following additional acts of sexual exploitation by the defendant pursuant to Federal Rule of Evidence 404(b) to prove motive, intent, plan, and/or knowledge in the crimes charged.

### A.    Defendant's Sexual Exploitation of Minor #2

Minor #2 is a 15 year old boy who met defendant Christopher Steele on-line in the spring of 2013, just as the 14 year old victim did in this case.    Testimony from Minor #2 will demonstrate that the defendant sexually exploited this second boy in much the same way as he did Minor #1; that is, by engaging in sexual communications with him on-line, sending Minor #2 nude photos and videos of himself showering and masturbating, and requesting that Minor #2 reciprocate by sending nude photos in return to the defendant. The defendant also solicited Minor #2 to meet for sex, just as he did with Minor #1 in this case.

**B.**    **Defendant's Internet Searches for Child Sexual Abuse Material**

The forensic examination of the defendant's computer revealed numerous Internet search terms that demonstrate the defendant was searching for pornography showing the sexual abuse of children, including terms such as Man Fucks Child, Little Boys in Tub, Little Boys Suck Daddy, Little Boys at Camp, Asian Boys Stretched, Dad Fucking Sons, and many others.

**C.**    **Defendant's Receipt and Possession of 14 Child Pornography Videos**

As a result of the search warrant on Christopher Steele's home executed on December 13, 2013, police seized a total of 14 videos from his bedroom, all depicting pre-pubescent and teenage children engaged in acts of masturbation, and being sexually abused by other children and by adult males.    Attached as Exhibit A is a chart listing the titles of each of the videos, as well as a brief description of the sexual abuse depicted in each video.

**III.    LEGAL ARGUMENT**

**A. Relevance**

Under Rule 401, evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.    "The definition of relevant evidence is very broad [;] . . . Rule 401 does not raise a high standard."    <u>Moyer v. United Dominion Industries, Inc</u>., 473 F.3d 532, 544   545 (3d Cir. 2007) (internal quotations and citations omitted); accord, <u>United States v. Starnes,</u> 583 F.3d 196, 213 214 (3d Cir. 2009) ("Evidence is irrelevant only when it has no tendency to prove a consequential fact.") (internal quotations and citations omitted).

4

Relevance under Rule 401 is not a competition between possible explanations of the evidence's significance.    Instead, relevance is in the eye of the propounder.    A reasonable explanation of how the evidence makes a fact of consequence more or less likely resolves the relevance issue.    The fact that a party contesting admissibility can supply an alternate explanation of the evidence that disconnects it from the fact of consequence is not significant under Rule 401.    See McQueeney v. Wilmington Trust Co., 779 F.2d 916, 921 (3d Cir. 1985) ("evidence need not lead inescapably towards a single conclusion to be relevant, it need only make certain facts more probable than not.")    Resolving conflicting explanations of evidence is for the jury.    See DeMarines v. KLM Royal Dutch Airlines, 580 F.2d 1193, 1202 (3d Cir. 1978) (alternate explanations go to weight, not admissibility). An alternative explanation of the evidence is not germane to the relevance determination under Rule 401.    Old Chief v. United States, 519 U.S. 172, 179, 184 (1997).

In Old Chief, the defendant was arrested after a fight involving gunshots.    Old Chief, 519 U.S. at 174. He was charged, among other things, as a felon in possession of a firearm under 18 U.S.C. ' 922(g).    Id.    He wanted to stipulate to his prior conviction, a serious assault, rather than place the details in front of the jury.    Id. at 175. The government refused the stipulation, and the District Court upheld the government's choice.    Id. at 177. The defendant contended that proof of the exact nature of the prior conviction was irrelevant, in light of the proffered stipulation.    Id. at 178.    The Supreme Court disagreed, and pointed out that while the nature of the conviction was not proof of the "ultimate fact," it was a "step on one evidentiary route to the ultimate fact, since it served to place [the defendant] within a particular sub-class of offenders for whom firearms possession is

outlawed by § 922(g)(1)."    Id. at 179.    Thus, a fact of consequence can be any step along

a path of inference that leads to an "ultimate fact."    In Old Chief it did not matter, under

Rule 401, that there were "evidentiary route[s]" to the ultimate fact other than the one

chosen by the prosecutor.    The Supreme Court held that the stipulation - the alternate

"route" proposed by defendant - bore on the analysis under Rule 403, not under Rule 401,

citing the Advisory Committee Notes to Rule 401:    Old Chief, 519 U.S. at 179.

Facts of consequence include reasonably anticipated defenses.    Evidence that

makes a fact of consequence to a defense less likely is relevant evidence in the

government's case. See United States v. Kemp, 500 F.3d 257, 296-297 (3d Cir. 2007)

(evidence disproving defendant's claims of wealth was relevant; defendant sought to negate

his motive to launder money by claiming great wealth).    "Federal courts repeatedly have

held that the government may offer evidence in its case-in-chief in anticipation of an

expected aspect of the defense."    United States v. Curtin, 489 F.3d 935, 940 (9th Cir. 2007)

(defendant accused of soliciting sex from a minor; government may impeach defendant's

expected defense that he believed the minor was an adult posing as a young teenager).

Courts in a host of different contexts have permitted evidence in the government's

case-in-chief to rebut anticipated defenses.    See United States v. Universal Rehabilitation

Services (PA), Inc., 205 F.3d 657, 665 (3d Cir. 2000) (introduction of witness' plea

agreement to meet impeachment); United States v. Nevels, 490 F.3d 800, 804-06 (10th Cir.

2007) (crime scene testimony from homicide detective introduced to rebut defenses of

justification and self-defense); United States v. Brown, 276 F.3d 211, 218 (6th Cir. 2002)

(defense suggestion that lack of fingerprints was significant opened door to evidence

6

explaining why no fingerprints were found); <u>United States v. Murillo</u>, 255 F.3d 1169, 1177 (9th Cir. 2001) (expert testimony about drug-courier/drug-trafficker methods of operation admitted to counter defense that defendant was unknowing courier); <u>United States v. Burdeau</u>, 168 F.3d 352, 357 (9th Cir. 1999) (FBI testimony regarding rarity of fingerprints in bank robbery cases); <u>United States v. Hooker</u>, 997 F.2d 67, 77 (5th Cir. 1993) (large purchases admissible to rebut entrapment defense, demonstrate motive to possess firearms, provide basis to infer drug trafficking); <u>United States v. Goodapple</u>, 958 F.2d 1402, 1407-08 (7th Cir. 1992) (introduction of prior drug crimes in case-in-chief to rebut entrapment and establish specific intent); <u>United States v. Miller</u>, 895 F.2d 1431, 1435 (D.C. Cir. 1990) (prior acts evidence in case-in-chief to preempt argument that defendant was falsely accused by cooperating witness); <u>United States v. Christophe</u>, 833 F.2d 1296, 1300 (9th Cir. 1987) (testimony that fingerprints are found in only ten percent of bank robbery cases to rebut defense based on lack of fingerprints); <u>United States v. Perez-Leon</u>, 757 F.2d 866, 873 -874 (7th Cir. 1985) (evidence to refute defense contention that informant was a "roving headhunter"); <u>United States v. Gallo</u>, 782 F.2d 1191, 1193-94 (4th Cir. 1986) (evidence to rebut entrapment defense); <u>United States v. Holman</u>, 680 F.2d 1340, 1349 (11th Cir. 1982) (evidence of prior acts to rebut duress).

### B. <u>Admissibility under Rule 404(b)</u>

The government seeks to introduce evidence of the defendant's sexual exploitation of children in addition to the child charged in the indictment pursuant to Fed. R. Evid. 404(b), to rebut his anticipated defense that he had no sexual interest in minors, and to prove the defendant's state of mind for each of the charges in the indictment.

Fed.R.Evid. 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.   It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Third Circuit in two very recent and precedential decisions clarified that Rule 404(b) is to be considered a rule of general exclusion, unless the proponent can demonstrate that the evidence is admissible for a non-propensity purpose.   United States v. Brown, 2014 WL 4211171 *8 (3d Cir. August 27, 2014); United States v. Caldwell, 2014WL 3674684 *5 (3d Cir. July 24, 2014), citing to United States v Davis, 726, F.3d 434, 441 (3d Cir 2013).   The court must undertake a four step analysis before evidence can be admitted under Rule 404(b)(2), as discussed below:

(1)   Government Must Identify a Proper Purpose For Admission That is "At Issue" in the Case

When evaluating whether a non-propensity purpose is at issue, we "consider the 'material issues and facts the government must prove to obtain a conviction.'" Caldwell, 2014 WL 3674684, at * 6 (quoting United States v. Sampson, 980 F.2d 883, 888 (3d Cir.1992)).   In other words, the government cannot offer Rule 404(b) evidence for a non-propensity purpose if doing so would not materially advance the prosecution's case. Thus, the Government may introduce Rule 404(b) evidence only if it is offered for a non-propensity purpose that is probative of one of the elements essential for a conviction. The government must identify a specific purpose that is of "consequence in determining the action."   Id.   In this case, the government moves to admit the other crimes evidence for

the purpose of proving the defendant's motive, intent, plan, and knowledge, all of which are "of consequence" in determining the defendant's guilt, as the government must prove that the defendant intended to commit these acts of sexual exploitation, and that he intended to do so against a child.

The charges in the Indictment and the essential elements are as follows

Count One - Use of an Interstate Commerce Facility to Entice a Minor to Engage in Sexual Conduct, 18 U.S.C. § 2422(b)

(1)     The defendant did knowingly use a facility and means of interstate and foreign commerce, that is, the Internet,

(2)     to knowingly persuade, induce, entice and coerce a minor,

(3)     to engage in sexual activity

(4)     for which any person could be charged with a criminal offense.

Count Two - Interstate Travel With Intent to Engage in Illicit Sexual Conduct with a Minor, 18 U.S.C. § 2423(b)

(1)     The defendant traveled in interstate commerce

(2)     for the purpose of engaging in a sexual act with a minor.

Count Three - Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2)

(1)     The defendant knowingly distributed or received

(2)     Any visual depiction that involved the use of a minor engaging in sexually explicit conduct

(3)     That has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or

(4)     Which was produced using materials which have been mailed or so shipped or transported by any means, including by computer

9

At issue in this case is whether defendant Steele had knowledge of or intended to commit these acts, and whether he intended do so with a minor.   Evidence of his other crimes will show that he engaged in sexual communications with Minor #2 over the Internet, chatted about sex, sent him sexually explicit and nude photos of himself in the shower and masturbating, and requested nude photos from Minor #2.   He also requested to meet Minor #2 for sex, and committed all of these acts knowing that Minor #2 was just 15 years of age.   The defendant did the same acts with Minor #1, as charged in the indictment. He met Minor #1 online, chatted about sex from the moment they began communicating, despite being told that the victim was just 14 years of age.   The defendant continued to engage in sexually explicit online communications, and sent Minor #1 nude photos of himself and requested nude and sexually explicit photos in return.   He also traveled to the victim's home for the purpose of engaging in sexual activity, and once he met up with the 14 year old, engaged in sex.

This other evidence is equally compelling in proving the other charges in the Indictment.   Evidence of the defendant's Internet search terms – which clearly evidence his interest in obtaining materials involving children – and his possession of 14 videos, also all involving children, all demonstrate that he knowingly and purposely sought out and obtained sexually explicit and illegal materials involving minors.

In United States v. Caldwell, the government sought to admit evidence of the defendant's two prior convictions for unlawful possession of a firearm under 18 U.S.C. § 922(g) at his trial for the same offense.   The government charged him with actual possession of a firearm, in that three witnesses described the defendant holding and using

the weapon.    Because he was charged with actual possession, the Third Circuit ruled that

his "knowledge" was not a material issue, especially because Caldwell's attorney argued

that the defendant never possessed the weapon, not that he didn't know what a gun was.

Caldwell, 2014 WL 3674684 *8.

There is no lack of a material issue in this case as was present in Caldwell.    In this

case, the defendant's knowledge, intent, plan, and motive are the very issues that will be put

before the jury.    The government expects that the defendant will claim that he never

intended to engage in any activity with a minor, as he was employed in a business where he

had frequent sexual activity with adults.    See United States v. Tykarsky, 466 F.3d 458,

467, 469 (3d Cir. 2006) (Finding that a conviction under § 2422(b) turns on the defendant's

subjective belief as to whether the victim is a minor.    Court also ruled that under § 2423(b),

"By its unambiguous terms.....criminal liability turns simply on the purpose for which the

defendant traveled.").    His anticipated defense places the 404(b) evidence directly at issue.

Even if he does not present that as a defense, the government is bound to prove the

defendant's state of mind, namely that he knowingly and intentionally chose a child in his

commission of these crimes.    The proffered evidence is crucial for these proofs, as it

demonstrates his knowing and purposeful choice of a child as his sexual interest.

(2)    <u>Government Must Identify How the Proffered Evidence is Relevant<br>to the Stated Purpose</u>

Once a material issue is identified, the government must then demonstrate how the

proffered evidence "fits into a chain of inferences – a chain that connects the evidence to a

proper purpose, no link of which is a forbidden propensity inference."    Caldwell, 2014 WL

3674684 at *6.    The Third Circuit has defined relevance as "a relationship between the

11

evidence and a material fact at issue which must be demonstrated by reasonable inferences that make a material fact more probable or less probable than it would be without the evidence."    Id. at *7, citing to United States v. Sampson, 980 F.2d at 888.    The district court is also directed to articulate reasons why the evidence also goes to show something other than character.    Id.    The court must give detailed reasoning on the record, and must not merely recite the purposes of rule 404(b)(2).    Id.

In Brown, the defendant was charged with 18 U.S.C. §  922(g) for his constructive possession of a firearm found in a car that he was driving.    At trial the government sought to admit 404(b) evidence that the defendant had straw purchased a firearm on a previous occasion, and that he therefore had knowledge of what a firearm was.    Though the Third Circuit found that to be a proper non-propensity purpose because it was a constructive possession case, the Court still ruled that the government failed to explain how the fact that Brown used a straw man in 2005 to purchase firearms tended to prove that he knowingly possessed the gun under the driver's seat of the Impala six years later.    The Court found that these were two entirely distinct acts, and his participation in one had no relationship to the other.    Brown, 2014 WL 4211171 *9.

This evidence in this case in no way suffers from the same deficiencies that were present in Brown.    This case involves other acts of sexual abuse of minors that the defendant was committing at or around the same time he committed the crimes charged in the indictment, not six years prior as the defendant Brown did.    Moreover, the difficulty in Brown was that the government failed to show how a prior purchase of a gun had sufficient relevance to proving his knowing possession of a different gun on a different occasion.

12

Here, there is clear evidence of the defendant's sexual interest in and purposeful targeting of a child in the crimes charged in this Indictment by his other acts of sexual exploitation – his searching the Internet for materials that clearly involve the sexual abuse of children, his possession of 14 videos that all depict children being sexually abused, and his sexual exploitation of Minor #2 over the Internet in the very same manner that he exploited the child charged in the Indictment.

The government is required to prove that he committed these crimes knowingly and purposely, and that his intention was to commit the crimes against a minor.   Even if the defendant chooses to offer no defense at trial, the government is still bound to prove his state of mind at the time he was committing these crimes – namely, that he sought out a child.   Evidence of his other crimes is entirely relevant to demonstrating his sexual interest in children, that he purposely obtained materials involving children, and that he engaged in the exploitation of a child in the same way that he exploited Minor #1.   His motive, intent, plan, and knowledge, will all be placed at issue at trial.   This is especially true if the defendant offers the anticipated defense that he had no interest in children as demonstrated by his employment as an adult porn star and his frequent sexual activities with other adults.

As noted above, the charges in the Indictment require the government to prove mens rea, namely a guilty mind, and the guilt arises from the defendant's knowledge of what he intends to do.   Knowledge and intent are subjective, and the proffered evidence that the defendant abused Minor #2 in the same way goes to prove his intent, plan, purpose and knowledge on the charged offenses involving Minor #1 – that is, that he knowingly sought sexual activity, and purposely sought it with a minor.

13

(3)    The Probative Value of the Evidence Must Not be Outweighed by
Unfair Prejudice

The third step requires the Court to determine whether the probative value of the proffered evidence is outweighed by the "inherently" prejudicial nature of the bad act evidence.    Caldwell, 2014 WL 3674684 at *7.    Evidence is unfairly prejudicial if it suggests a decision on an improper basis.    See Fed. R. Evid. 403 Advisory Committee's Note.    As long as the district court adequately explains its reasons for admitting or excluding evidence pursuant to Rule 403, the decision is entirely within the Court's discretion and the Court of Appeals reviews the decision only for an abuse of discretion. See Sampson, 980 F.2d at 889 ("When a court engages in a rule 403 balancing and articulates on the record a rational explanation, we will rarely disturb its ruling."); Government of Virgin Islands v. Blake, 118 F.3d 972, 977 (3d Cir. 1997).    Indeed, the Third Circuit has stated that "if judicial restraint is ever desirable it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal."    See United States v. Retos, 25 F.3d 1220, 1228 (3d Cir. 1994) ("[i]t is the trial court, of course, and not the Court of Appeals, which is in the best position to consider the complicated evidentiary issues involved in a given case, and to strike the balance required by Rule 403").

In this case, the probative value of the proffered evidence is strong.    Certainly evidence that he sexually exploited another minor boy, approximately the same age as Minor #1, around the same time that he exploited Minor #1, and in almost the identically same way, is highly probative of Steele's intent, motive, plan, and purpose when he participated in the acts of enticement, traveling to have sex, and receiving pornographic images of Minor #1 in this case.    The same reasoning applies to the evidence involving his

14

Internet search terms and his possession of 14 child pornography videos.    Thus, evidence of his other crimes is highly probative of one or more of the factors that a jury must consider when determining if he is guilty of the crimes charged in this indictment – namely, whether he was seeking a minor when committing these sexual acts.

Evidence involving other sexual acts against minors would be prejudicial to any defendant in any case. But here, the probative value in admitting the evidence for the purposes stated above is not outweighed by this prejudice.    The defendant's intent, motive, plan, and knowledge are the issues in this case, and his anticipated defense focuses on these issues – which only increases the value of this probative evidence.    Moreover, it is significant to note that the proffered evidence was never charged and therefore did not result in any criminal conviction against the defendant, which gives him the opportunity to dispute it at trial, thereby lessening the prejudicial effect.    The probative value of this crucial evidence is not outweighed by the prejudice, and it should be admitted.

(4)    The Court Must Give a Limiting Instruction if Requested by the Defendant

Finally, if the defendant requests it, the court must provide a limiting instruction which advises the jury that the evidence is admissible for a limited purpose and may not be considered in any other manner.    Caldwell, 2014 WL 3674684 at *7, citing to United States v. Davis, 726 F.3d at 445.    Even if the court includes such an instruction in its charge, the court should also provide the instruction at the time the evidence is admitted. Id.

15

IV.    **<u>CONCLUSION</u>**

For the reasons set forth above, the government respectfully requests that this Court grant the Government's motion to admit evidence of defendant's other bad acts pursuant to Rule 404(b), to show his motive, intent, plan, and knowledge to engage in the crimes charged in the indictment.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


 /s/ Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney

16

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within government's Motion to Admit Evidence of Other Crimes Pursuant to Fed.R.Evid. 404(b) has been served this date, by first class mail, upon the following:

Kevin Wray, Esquire
kevinmwrayesq@gmail.com

/s/ Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney

Date:    September 2, 2014.

17