# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No.: 14-110-(8) |
| v. | : |
| CHRISTOPHER STEELE | : |

**Christopher Steele's Motion for a Judgment of Acquittal**

Pursuant to Federal Rule of Criminal Procedure 29(c), Defendant, Christopher Steele, respectfully moves this Honorable Court to enter a judgment of acquittal notwithstanding the verdict on count 3 of the indictment, receipt of child pornography under 18 U.S.C.A. 2252(A)2. This motion is based upon the accompanying memorandum of law, the First, Fifth, and Sixth Amendments of the United States Constitution, and any other authorities that the Court deems relevant to this Motion.

Respectfully submitted

Kevin Mark Wray
Pa. Bar #93860
200 West Front Street
Media, PA 19063
(610) 810-2999 (office)
(610) 566-1002 (fax)

Dated: October 15, 2014

Memorandum of law in support of Motion for Judgment of Acquittal as to
Count 3 of the Indictment, 18 U.S.C. §2252(a)(2).

## I. BACKGROUND

Christopher Steele was arrest on December 12, 2013 and charged with various violations of Pennsylvania State law, specifically rape and related sexual offenses. In the Spring of 2014, the US Government indicted Mr. Steele on four count, including three charges that the Government pursued at trial: 18 U.S.C. §2422(b) (use of an interstate commerce facility to entice a minor to engage in sexual conduct), 18 U.S.C. §2422(b) (interstate travel with the intent to engage in illicit sexual conduct with a minor, and 18 U.S.C. §2252(a)(2) (receipt of child pornography). On October 1, 2014, a verdict of guilty was entered as to all three counts following a jury trial which commenced on September 29, 2014.

During the trial, evidence was proffered that the Defendant, who resided in the State of Delaware, had use a cell phone application, Jack'd, to text and communicate with a minor, D.H., who resided in Montgomery County, Pennsylvania. Despite cross-examination by Defense Counsel of the victim, D.H., and three detectives in Montgomery County (Ernie Morris of Limerick Township Police, Mary Anders, formerly of Montgomery County Detectives, and David Shanes, Montgomery County CID), one of whom testified as an expert on computer crime forensics (Shanes), none of the Government's witnesses were able to delineate how Jack'd operated on a IPhone platform or on an Android phone format, whether the platforms enabled the users of either platform to have a greater degree of capabilities or limitations while using the Jack'd application. Furthermore, testimony was elicited from the minor, D.H., that he was aware it was an adults only application and that he lied about his age and identity in

order use the Jack'd application. In addition, on the Government's redirect of Detective Shanes, the Government showed an email between AUSA Rotella and Detective Shanes (marked as G-40) which included the computer path language between the minor's IPad (which it was testified could use the IPhone version of the Jack'd cell phone application) and the Defendant's Android device as evidence of the receipt of sexually explicit photos of the victim, D.H. On re-cross, Detective Shanes admitted he was unable to determine when the images were received on the Defendant's Android device. In the Defense case, it was uncontroverted testimony that the Defendant's cell phone had no password protections, locks, or protected files within it and the Defendant testified that his ex-partner (who was not an ex-partner during the Summer of 2013) had complete access to all of the Defendant's computer and cell phone devices (a fact confirmed during the cross-examination of Detective Shanes).

## ARGUMENT

The evidence is insufficient to prove that the Defendant "knowingly" received child – pornography.

Federal Rule of Criminal Procedure 29(c) 2 provides that "If a jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." When considering whether to grant a motion for judgment of acquittal notwithstanding the verdict, the Court "must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw reasonable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." Baileyt v. United States, 416 F.2d 1110, 1112 (D.C. Cir. 1969). The Court "must view the eveidence in the light most favorable to the verdict, and must presume that the

jury has properly carried out its functions of evaluating the credibility of witnesses, findings of facts, and draw justifiable inferences. A verdict will be overruled only if no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." United States v. Campbell, 702 F.2d 262, 264 (D.C. Cir. 1983) (affirming grant of judgment of acquittal notwithstanding verdict on gratuity charge). That being said, "the trial court has a responsibility to the criminal justice system to grant a defendant's Rule 29(c) motion when the jury has no evidentiary basis for its action" Id. at 267.

In a prosecution for obscenity, the Government must prove beyond a reasonable doubt the material elements of the offense charged and that the materials in question were in fact obscene. The offense need not be established by direct evidence but may be established circumstantially.

The relevant portion of section 2252 provides for the punishment of any person who "knowingly receives ... *any visual depiction* that has been ... mailed" if the depiction constitutes child pornography. 18 U.S.C. § 2252(a)(2) (emphasis added). The statute does not require that a recipient of child pornography know the precise contents of such materials. Rather, the statutory words "any visual depiction" compel the view that the recipient need only know that the material he receives is child pornography.

Courts have determined the weight and sufficiency of evidence to sustain convictions for possession of computer images of child pornography, U.S. v. Haymond, 672 F.3d 948 (10th Cir. 2012). In addition, the element of scienter must be established by the prosecution in an obscenity case by evidence beyond a reasonable doubt. U.S. v. Koch, 625 F.3d 470 (8th Cir. 2010). Courts have applied knowledge as a factor in

different ways. A common thread, however, is that any indication of knowledge by the defendant can be quite damning. See United States v. Kuchinski, 469 F.3d 853, 862-63 (9th Cir. 2006) (explaining that the conviction of the defendant in United States v. Romm, 455 F.3d 990 (9th Cir. 2006), turned on the fact that the defendant knew that the cache would automatically copy the files, thus leading to knowingly receiving the illicit subject matter. See, e.g., United States v. Kuchinski, 469 F.3d 853, 863 (9th Cir. 2006) ("Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images. To do so turns abysmal ignorance into knowledge and a less than valetudinarian grasp into dominion and control.").

Two approaches in this area lead to two very different kinds of cases with different legal arguments and different evidence. In the "present possession approach," the defendant is prosecuted for possessing whatever files are presently in the computer, be they cached files or manually saved files. A case within this framework will revolve around the element of knowledge. Proving knowing possession of manually saved files is not difficult because the process of manually saving the file demonstrates that control is apparent to the user. See United States v. Riccardi, 258 F. Supp. 2d 1212, 1224 (D. Kan. 2003) ("This evidence [of saving images onto the computer] suggests that Mr. Riccardi took affirmative steps to preserve the child pornography on his computer and, therefore, knowingly possessed such items . . . ."). However, knowledge becomes a primary issue where the defendant has not manually downloaded the images and is being prosecuted for possessing the images in the cache. Defendants often defend by arguing a

lack of knowledge of the cache. See United States v. Kuchinski, 469 F.3d 853, 862 (9th Cir. 2006); United States v. Bass, 411 F.3d 1198, 1202 (10th Cir. 2005). Defendants being prosecuted for possessing images in the cache often contend that they did not know that the images were downloaded to the cache or, alternatively, that they did not want the images to be downloaded to the cache. See United States v. Tucker (Tucker I), 150 F. Supp. 2d 1263, 1268 (D. Utah 2001) (responding to defendant's arguments that defendant did not cause the images to be downloaded onto the cache and that defendant immediately deleted them when he logged off the Internet).

Since the argument concerns the defendant's state of mind, it is not difficult for him to make, and the prosecution's evidence to the contrary is often circumstantial. As a result, the evidence presented involves expert testimony regarding the source of the images and the process through which images are downloaded to the cache. Furthermore, since many courts rely on indicia of control in finding possession, a battle of the experts arises, where experts on both sides indicate that the cache is located in a system-protected area of the computer and express their opinions as to whether the defendant ever manually accessed the cache. See, e.g., United States v. Romm, 455 F.3d 990, 995 (9th Cir. 2006).

In the "evidence of possession approach," the defendant is prosecuted for possessing the image that was once on the screen. This approach can be attacked because many possession statutes do not speak to viewing and some will argue that mere viewing does not constitute possession. For examples of courts indicating that passive viewing does not constitute possession, see United States v. Stulock, 308 F.3d 922, 925 (8th Cir. 2002), which quoted without disapproval the district court's finding "that one cannot be

guilty of possession for simply having viewed an image on a web site." See also United States v. Perez, 247 F. Supp. 2d 459, 484 n.12 (S.D.N.Y. 2003); Strouse v. State, 932 So. 2d 326, 328 n.3 (Fla. 4th DCA 2006).

While receipt is not the same as possession, the Defendant argues that the Government proffered insufficient evidence to prove "knowing" receipt because the Government did not establish a factual basis that Jack'd was not automatically preserving images on the defendant's cell phone or that the cell phone was used exclusively by the defendant. If it is possible to "unknowingly" possess child pornography then it is possible to "unknowingly" receive it. It is particularly notable in this case that Jack'd was an adult only web-site and the images offered by the government were not of a kind where one could readily determine that the age of a person on an android cell phone screen was unquestionably that of an under-aged male.

## CONCLUSION

For the reasons set forth in this Memorandum, the United States respectfully requests that this Court enter a judgment of acquittal notwithstanding the verdict on count 3 of the indictment, receipt of child pornography under 18 U.S.C.A. 2252(A)2.

Respectfully submitted,

Kevin Mark Wray, Esquire
200 West Front Street
Media, PA 19063
(610) 810-2999
Attorney for Defendant

## VERIFICATION

I, Kevin Mark Wray, attorney for the defendant in this matter, hereby verify that the statements made in the foregoing Motion/Petition are true and correct to the best of my knowledge, information or belief. The undersigned understands that false statements herein are made subject to the penalties of 18 USC §2706, relating to penalty of perjury.

_____
Kevin Mark Wray, Esquire

Date: 10/15

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 14-110-(8) |
| v. | : |  |
| CHRISTOPHER STEELE | : |  |

# CERTIFICATION OF SERVICE

I hereby certify that I have this day served a copy of the foregoing document upon the person in the manner indicated below, which service satisfies the requirement of the Federal Rules of Criminal Procedure.

Service by hand delivery or first-class U.S. mail addressed to:

US Attorney's Office
Eastern District of Pennsylvania
615 Chestnut St
Philadelphia, PA 19106

Michael Kunz, Clerk of Courts
US District Court for Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

_10/15_
Date

KEVIN MARK WRAY, ESQ.
Attorney for Defendant