# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-110** |
| **CHRISTOPHER STEELE** | : | |

## O R D E R

AND NOW, this _____ day of _____, 2014, upon consideration of the Defendant's Motion for a New Trial and the government's response thereto, it is hereby ORDERED that the Defendant's Motion is DENIED.

It is so ORDERED.

                                                    **BY THE COURT:**

                                                    _____

                                                    **HONORABLE JUAN R. SANCHEZ**
                                                    *Judge, United States District Court*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 14-110** |
| **CHRISTOPHER STEELE** | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A NEW TRIAL

## I. INTRODUCTION

The United States of America, by its undersigned attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Michelle Rotella, Assistant United States Attorney for the district, submits this response in opposition to defendant's Motion for A New Trial Pursuant to Fed.R.Crim.P.33.

## II. PROCEDURAL HISTORY

On March 6, 2014, the grand jury issued a 3-count indictment against Christopher Steele, charging him with use of an interstate commerce facility to entice a minor to engage in sexual conduct in Count One, in violation of 18 U.S.C. § 2422(b); interstate travel with the intent to engage in illicit sexual conduct with a minor in Count Two, in violation of 18 U.S.C. § 2423(b); and in Count Three with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). On October 1, 2014, after trial by jury, the defendant was convicted of all charges in the indictment. This Motion for a New Trial now follows.

1

## III. BACKGROUND

Prior to trial the Court granted the government's Motion to Bar Evidence of the Victim's Alleged Other Sexual Behavior or Sexual Predisposition Pursuant to Fed.R.Evid. 412 and 403. The defendant unsuccessfully argued that evidence regarding the victim's sexual abuse by Steele's ex-partner, Gavin Britton, was relevant and necessary because Steele intended to argue that it was Britton who communicated with the victim on Steele's Jack'd account, and Britton who engaged in sex with the victim, and that Steele confessed to these crimes to protect Britton. The Court ruled that Fed.R.Evid. 412 and 403 prohibited the defendant from introducing any such testimony or evidence, and the defendant was instructed not to introduce any evidence regarding the victim's sexual activity with anyone other than the defendant. Notwithstanding the Court's ruling, the defendant took the stand in his own behalf at trial and began testifying about Britton. During his testimony he advised the jury that he had given a full confession implicating himself because he was trying to protect his ex-lover. The government objected and the Court held a side bar conference, during which counsel was again instructed not to elicit testimony regarding the victim's sexual activity with Britton or anyone else.

Thereafter, despite the Court's rulings, the defendant's closing argument was centered around the defendant's "love" of his ex-partner[1], with counsel arguing that the defendant confessed to crimes he did not commit to protect his ex-partner. In response, the government argued in rebuttal how unlikely it would be for the defendant to confess to a crime that then he claimed his ex-lover committed. Defendant now argues that the government improperly commented on testimony and argument that he himself admitted in violation of the Court's order,

---

1 Counsel argued that even though the defendant may not have been in a healthy relationship with his ex-partner, which presumably led him to confess to crimes he did not commit, "the heart wants what it wants."

and Motions this Court for a New Trial.   For the reasons outlined below, the Government submits his Motion must be denied.

IV. **LEGAL ARGUMENT**

Pursuant to Fed. R. Crim. P. 33, a defendant may move for a new trial on the ground that it is required in the interest of justice. Motions for a new trial based on the weight of the evidence are not favored.   Such motions are to be granted sparingly and only in exceptional cases. *Government of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987). The decision to grant a new trial is committed to the discretion of the trial court. *United States v. Iannelli*, 528 F.2d 1290, 1292 (3d Cir.1976).    In the Third Circuit, a court is not permitted to sit as a "thirteenth juror and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Gonzalez*, 1993 WL 364711 *9 (E.D. Pa. 1993).   Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id*.

"Improprieties in a prosecutor's remarks warrant a new trial only if they are so gross that there is a probability of prejudice to the defendant [ ] and such prejudice was not neutralized by the court." *United States v. Gaines*, 726 F.Supp. 1457, 1469 (E.D.Pa.1989), aff'd, 902 F.2d 1562 (3d Cir.), cert. denied, 498 U.S. 844, 111 S.Ct. 128, 112 L.Ed.2d 96 (1990); *see also United States v. Gonzalez*, 833 F.2d 1464, 1466 (11th Cir.1987).   "Moreover, any harm from prosecutorial misconduct must affect a substantial right and the prejudice must be balanced against the evidence of guilt." *Gaines*, 726 F.Supp. at 1469; see *Gonzalez*, 833 F.2d at 1467 ("Given the overwhelming evidence against [the defendant], her substantial rights were not prejudiced by the ... remark of the prosecutor."). As the Supreme Court has stated: "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is

whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.' " *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 2471 (1986). Where, as here, no objection was made at trial to prosecutor's comment in closing argument, the issue cannot be raised for the first time on a motion for new trial in the absence of plain error. See *United States v. Wright*, 845 F.Supp. 1041, 1065 (3d Cir. 1994), citing to *United States v. Lowell*, 490 F.Supp. 897, 906 (3d. Cir. 1980).

The defendant contends that he should receive a new trial because the government improperly commented in rebuttal on the defendant's failure to name his ex-partner. Defendant does not provide the transcripts from the trial, nor does he identify the specific remarks that were made by the government during trial. Instead, he moves for a new trial based on his version of the evidence and testimony that was elicited at trial. The government submits that for this reason alone, his Motion must be denied, as he has failed to put forth sufficient proof upon which the Court may grant his Motion.

However, even if this Court should consider the facts as alleged in the defendant's Motion as accurate, it still should be denied. The defendant injected this issue into the trial in violation of this Court's pretrial ruling. Despite the fact that the Court again at trial prohibited him from eliciting this evidence through his client's testimony, counsel nonetheless chose to argue it during his closing argument. The government did not comment on it in its closing, but only did so in rebuttal in response to this impermissible argument being raised by the defendant in his closing. It cannot be said that the comments made by the government were so egregious or so gross to have affected the entire outcome of the trial, especially in light of the overwhelming evidence against this defendant, which included evidence that it was the defendant's Jack'd account that was used to communicate with the victim, eyewitness identification of the defendant

by the victim, and the defendant's videotaped confession.   In the face of such compelling evidence, it cannot be argued that the remarks by the government urging the jury to draw an additional, inculpatory inference from the absence of a single witness could cast doubt upon the jury's verdict.   A new trial is not warranted. *Government of the Virgin Islands v. Commissiong*, 706 F.Supp. 1172, 1184 (3d Cir. 1989).

Additionally, this Court issued a number of instructions to the jury, including the fact that the defendant has no duty to present any evidence, and that the burden of proof always rests with the government.   Lastly, on more than one occasion, the Court instructed the jury that arguments of the lawyers are not evidence. As the Third Circuit has explained, "[w]e must assume that juries for the most part understand and faithfully follow instructions." *Gov't of V.I. v. Rosa*, 399 F.3d 283, 297 (3d Cir.2005) (quoting *Connecticut v. Johnson*, 460 U.S. 73, 85 n. 14, 103 S.Ct. 969 (1983)).   There is absolutely no evidence that the jury did anything other than abide by the Court's instructions.   The jury deliberated little more than an hour, and issued a verdict of guilty on all counts, which comported with the overwhelming evidence against this defendant. Accordingly, the government requests that defendant's motion be denied.

## V.     CONCLUSION

WHEREFORE, the government requests that the defendant's Motion for A New Trial be denied.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


  /s Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's response to Defendant's Motion for a New Trial has been served via electronic filing and email upon:

Kevin Wray, Esquire
kevinmwrayesq@gmail.com


  /s Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney


Date: November 24, 2014.